## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF MISSISSIPPI

IN RE: CHARLES JEFFERSON                                  CASE NO. 11-51958-KMS
    and SANDRA JEFFERSON

    DEBTORS                                              CHAPTER 13

CHARLES JEFFERSON and
SANDRA JEFFERSON                                              PLAINTIFFS

V.                                                    ADV. NO. 11-05059-KMS

COMMUNITY BANK                                              DEFENDANT


## MEMORANDUM OPINION AND ORDER
### DENYING MOTION TO DISMISS

This matter came on for hearing on March 8, 2012 (the "Hearing") on the Motion to

Dismiss Adversary Complaint[1] ("Motion to Dismiss") (Adv. Dkt. No. 10) filed by defendant

Community Bank and the Plaintiff's Response to Defendant's Motion to Dismiss (Adv. Dkt. No.

20) filed by the debtors-plaintiffs, Charles Jefferson and Sandra Jefferson (collectively the

"Jeffersons") in the above styled adversary proceeding.  At the Hearing, Ken R. Adcock

represented Community Bank and Lisa Mishune Ross represented the Jeffersons.  At the

---

[1] Debtors Charles Jefferson and Sandra Jefferson filed an adversary complaint (the "Complaint") seeking a determination of the validity, priority or extent of Community Bank's lien pursuant to Rule 7001(2) of the Federal Rules of Bankruptcy Procedure.  The Complaint alleges that Community Bank holds a valid security interest in two of the Jefferson's three properties listed in their bankruptcy schedules and not in their homestead property because: (1) Community Bank failed to properly release the deed of trust upon refinancing; (2) the deeds of trust held by Community Bank contain forgeries of their signatures and are invalid; and (3) the official check issued by Community Bank payable to the Order of Charles Jefferson contains a forged endorsement and the funds were applied to his indebtedness without his knowledge or consent. Adv. Dkt. No. 1, at ¶¶ 4-6.

conclusion of the Hearing, the Court took the matter under advisement. Having considered the matter, the Court finds that the Motion to Dismiss should be **DENIED**.[2]

## I. JURISDICTION

The Court has jurisdiction over the subject matter of and the parties to this proceeding pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (K) and (O).

## II. FACTUAL BACKGROUND

This matter concerns an order dismissing the debtors' prior adversary proceeding "with prejudice" on the basis that the underlying bankruptcy case had been dismissed and their second bankruptcy case had been filed. At the time the order was entered, the debtors' first bankruptcy case remained open, and their second bankruptcy case and second adversary proceeding were pending. Because the dismissal of the first adversary proceeding was jurisdictional, the doctrine of res judicata does not bar the second adversary proceeding.

**A. Procedural History**

1. On December 2, 2009, the Jeffersons filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code ("Bankruptcy I"). *In re Charles and Sandra Jefferson*, No. 09-52702-KMS (Bankr. S.D. Miss. filed Dec. 2, 2009) (cited herein as "No. 09-52702, Dkt. No. __").

2. On September 27, 2010, the Jeffersons filed an adversary complaint[3] against Community Bank seeking a determination as to the validity, priority and extent of Community

---

[2] This Memorandum Opinion and Order constitutes findings of fact and conclusions of law in accordance with Fed. R. Bankr. P. 7052.

[3] The complaint alleges that Community Bank only holds a valid security interest in two of Jefferson's four properties listed in their bankruptcy schedules and not in their homestead property because: (1) Community Bank

Bank's lien in the debtors' property ("Adversary I"). *Charles and Sandra Jefferson v. Community Bank (In re Jefferson)*, No. 10-05059-KMS (Bankr. S.D. Miss. filed Sept. 27, 2010) (cited herein as "No. 10-05059, Adv. Dkt. No. __).

3.      Bankruptcy I was dismissed for non-payment on May 31, 2011. (No. 09-52702, Dkt. No. 122).

4.      On June 17, 2011, the Jeffersons filed a motion to reinstate their bankruptcy case (No. 09-52702, Dkt. No. 125); they filed an amended motion to reinstate on June 21, 2011 (No. 09-52702, Dkt. No. 129).  On September 9, 2011, after multiple responses and a hearing, the Court denied the Amended Motion to Reinstate. (No. 09-52702, Dkt. No. 141).

5.      On August 25, 2011, approximately three months *before* Bankruptcy I and Adversary I were closed, the Jeffersons filed their second voluntary petition for relief under Chapter 13 ("Bankruptcy II"). *In re Charles and Sandra Jefferson*, No. 11-51958-KMS (Bankr. S.D. Miss. filed Aug. 25, 2011) (cited herein as "No. 11-51958, Dkt. No. __).

6.      On September 26, 2011, Community Bank filed a motion to dismiss Adversary I on the basis that "the underlying bankruptcy case [Bankruptcy I] has already been dismissed and that no prejudice could result to Plaintiffs as they have re-filed a separate proceeding [Bankruptcy II]." (No. 10-05059, Adv. Dkt. No. 34).  The Jeffersons did not file a response.

7.      On November 15, 2011, before dismissal of Adversary I, the Jeffersons filed an adversary complaint[4] to determine the validity, priority and extent of Community Bank's lien

---

failed to properly release the deed of trust upon refinancing; (2) the deeds of trust held by Community Bank contain forgeries of their signatures and are invalid; and (3) the official check issued by Community Bank payable to the Order of Charles Jefferson contains a forged endorsement and the proceeds were applied to his indebtedness without his knowledge or consent. No. 10-05059, Adv. Dkt. No., at ¶¶ 5-7.

[4] *See supra* note 1.

("Adversary II"). The Complaint in Adversary II is almost identical to the complaint in Adversary I.[5]

8.      On November 21, 2011, *after* Bankruptcy II and Adversary II were filed, the Court entered an order dismissing Adversary I. (No. 10-05059, Adv. Dkt. No. 38).

9.      Adversary I was closed on December 6, 2011, and Bankruptcy I was closed on December 22, 2011 (No. 09-52702, Dkt. No. 145).

10.     On January 27, 2012, Community Bank filed its Answer[6] in Adversary II (No. 11-05059, Adv. Dkt. No. 8) and, on February 1, 2012, filed its Motion to Dismiss[7] asserting that the Jeffersons' claims are barred under the doctrine of res judicata because the order dismissing Adversary I contained language dismissing the case "with prejudice for all purposes."[8] (No. 11-05059, Adv. Dkt. No. 10, at ¶ 3).

11.     The Jeffersons filed their response[9] to the Motion to Dismiss on March 5, 2012, arguing that dismissal of Adversary I "did not operate as a bar to the bankruptcy that is presently pending" because the Court dismissed the underlying bankruptcy matter before reaching the

---

[5] *Compare* note 1 *with* note 3.

[6] In its Answer, Community Bank denies various allegations in the Complaint, raises the defense of res judicata and, in the alternative to dismissal, requests an order to compel arbitration pursuant to an arbitration agreement between Community Bank and the Jeffersons. (No. 11-05059, Adv. Dkt. No. 8).

[7] Community Bank alleges that the Complaint should be dismissed under the doctrine of res judicata and requests attorneys' fees and reasonable costs, as well as a finding by the Court that its lien on the Jeffersons' homestead property, "886 Magnolia Road, Laurel, Mississippi[,] is good and valid and that there was no fraud and/or forgeries in the application of Official Check #136483 towards prior indebtedness." (No. 11-05059, Adv. Dkt. No. 10, at 6.)

[8] Counsel for Community Bank noted that the Jeffersons did not file a response to the motion to dismiss Adversary I and that their response to the instant Motion to Dismiss was late.

[9] The Jeffersons filed a motion for additional time to file a response to the Motion to Dismiss (the "Motion for Additional Time") (No. 11-05059, Adv. Dkt. No. 17) to which Community Bank filed an objection (No. 11-05059, Adv. Dkt. No. 18). At the Hearing, the Court granted the Motion for Additional Time, accepting the late-filed response. (No. 11-05059, Adv. Dkt. No. 27).

merits of the complaint and "the Defendant will not suffer any prejudice if the Court allows Plaintiffs to pursue their adversary in conjunction with their pending bankruptcy." (No. 11-05059, Adv. Dkt. No. 20).

**B. Community Bank's Motion to Dismiss Adversary I**

After the Court declined to reinstate Bankruptcy I, Community Bank filed a motion to dismiss Adversary I asserting that there would be no prejudice to the Jeffersons because they had filed a second bankruptcy case. The motion stated in relevant part:

* * * *

5. In general, the dismissal of a bankruptcy case results in dismissal of all adversary proceedings filed in that case. *Un-Common Carrier Corp. v. Oglesby*, 98 B.R. 751, 753 (S.D. Miss. 1989) (*citing In re Pockington*, 21 B.R. 199, 202 (Bankr. S.D. Calif. 1982). However, this is not "automatic." *In re Morris*, 950 F.2d 1531, 1534 (11th Cir. 1992), [sic]   Instead, the bankruptcy court may consider where dismissal would cause prejudice to one of the parties. Id. (*citing In re Stardust Inn*, 70 B.R. 888, 890 (Bankr. E.D. Pa. 1987)).

6. Here, this Court has already determined that it is in the best interest of the bankruptcy estate that the underlying proceeding be dismissed for failure to keep the payment plan current. Furthermore, the Plaintiffs have already re-filed another Voluntary Petition for Relief under Chapter 13 on August 25, 2011 in the style, *In re Charles and Sandra Jefferson*, Cause No. 11-51958-KMS.

7. Accordingly, as this Court has already dismissed the underlying bankruptcy that *this adversary proceeding is subject to* and *because there can be no prejudice to the Plaintiffs as they have been allowed to re-file their case with this Court*, Community Bank respectfully requests this Honorable Court to *dismiss* the Plaintiffs' Adversary Proceeding *with prejudice*.

8. Other grounds to be assigned.

WHEREFORE, PREMISES CONSIDERED, the Defendant, Community Bank, hereby moves this Honorable Court to dismiss the Plaintiffs' Adversary Proceeding *on the grounds that the underlying bankruptcy case has already been dismissed and that no prejudice could result to Plaintiffs as they have re-filed in a*

*separate proceeding.* Community Bank requests any such other and further relief as the Court deems necessary.

* * * *

 (No. 10-05059, Adv. Dkt. No. 34, at 2-3) (emphasis added).

When the Jeffersons failed to respond, counsel for Community Bank submitted a proposed order that was entered by the Court.   The Order Granting Defendant Community Bank's Motion to Dismiss Adversary Proceeding ("Dismissal Order") submitted by Community Bank stated:

> THERE CAME ON FOR HEARING the Creditor, Community Bank's Motion to Dismiss Adversary Proceeding filed herein by the Debtors, and the Court, being fully advised in the premises and noting that the Debtors filed no objection or response in opposition to the Motion to Dismiss, finds and it is the judgment of this Court that said Motion is well taken, and should be and hereby is granted.

> IT IS, THEREFORE, ORDERED AND ADJUDGED that the Defendant, Community Bank's Motion to Dismiss the Adversary Proceeding filed by the Debtors herein is granted, and the adversary proceeding is hereby dismissed with prejudice for all purposes, with each side to bear its' [sic] own costs.

> SO ORDERED.

(No. 10-05059, Adv. Dkt. No. 38).

## II. CONCLUSION OF LAW

### A. Res Judicata

In its Motion to Dismiss, Community Bank asserts that the complaint in Adversary II is barred by the doctrine of res judicata because Adversary I was dismissed "with prejudice for all purposes."   Res judicata, or claim preclusion, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005) (internal citations omitted).   Application of the doctrine of res judicata is proper only if the following four-part test is met: (1) the parties must be identical in

the two actions; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same cause of action must be involved in both cases. *Eubanks v. FDIC*, 977 F.2d 166, 169 (5th Cir. 1992).

Neither party disputes the first, second and fourth elements. The initial suit named the exact same parties, the Dismissal Order was rendered by this Court, a court of competent jurisdiction, and the claims[10] in both actions are virtually identical. However, the parties dispute the remaining element – final judgment on the merits.

Community Bank asserts that the unappealed Dismissal Order, which contained express language dismissing the case "with prejudice," is a final judgment on the merits for purposes of res judicata. (No. 11-05059, Adv. Dkt. No. 10, at ¶¶ 10-12) (c*iting Ries v. Paige (In re Paige)*, 610 F.3d 865 (5th Cir. 2010) (*citing Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 960 F.2d 1286, 1293 (5th Cir. 1992), for the proposition that an unappealed order constitutes final judgment on the merits for purposes of res judicata).[11] In their pleadings and arguments, the

---

[10] *Compare* note 1 *with* note 3.

[11] The facts in the *Paige* case are distinguishable from the instant case. In *Paige*, the order at issue involved an unappealed "Memorandum Opinion and Order" in which the court considered the underlying merits of the case, making specific findings of the facts and analyzing relevant law. 610 F.3d at 869 (opinion and order made specific findings and determined that debtor's "unauthorized sale of [property of estate] was intentional, deceitful, and done in bad faith . . . and warranted sanctions"). In the instant case, the Dismissal Order was entered because the underlying bankruptcy case had been dismissed and the debtor had re-filed. The merits of Adversary I were not adjudicated prior to dismissal. The dismissal was granted on jurisdictional grounds, which typically does not have res judicata effect. *See* Fed. R. Civ. P. 41(b) (dismissal for lack of jurisdiction does not operate as adjudication on merits). Moreover, the order dismissing Adversary I was entered *after* Adversary II was filed.

Likewise, *Royal Insurance Co. of America*, is distinguishable from the instant case. In *Royal Insurance Co. of America*, the parties entered a settlement agreement to dismiss the federal claims with prejudice. 960 F.2d at 1289. After the district court entered a final judgment as to other claims, the parties against whom the judgment was rendered filed suit based on the same claims, collaterally attacking the judgment that dismissed with prejudice on the basis that the district court lacked subject matter jurisdiction over the matter. *Id.* The Fifth Circuit held that "if the parties against whom judgment was rendered did not appeal, the judgment becomes final and the court's subject matter jurisdiction is insulated from collateral attack." *Id.* at 1293. In the present case, the parties did not enter into any settlement agreement or agreed order to dismiss Adversary I. Adversary I was dismissed on motion of

Jeffersons assert that: (1) the dismissal did not reach the merits of the complaint in Adversary I; and (2) Community Bank's own Motion to Dismiss based its request for dismissal of Adversary I on the grounds that "there can be no prejudice to the Plaintiffs as they have been allowed to re-file their case with this Court."[12] (No. 11-05059, Adv. Dkt. No. 20).

**1. Adversary I was dismissed on jurisdictional grounds.**

"As a general rule the dismissal or closing of a bankruptcy case should result in the dismissal of related proceedings." *Querner v. Querner (In re Querner)*, 7 F.3d 1199, 1201 (5th Cir. 1993) (internal citations omitted); *see Armstrong v. Bailey*, 101 F. App'x 778, 779 (10th Cir. 2004) (district court rightly concluded it was required to dismiss adversary dependent on bankruptcy case; jurisdiction automatically stripped where adversary depends on bankruptcy case for existence; jurisdiction discretionary where adversary "relates to" bankruptcy case). However, if dismissal would prejudice one of the parties, the bankruptcy court may retain jurisdiction over an adversary proceeding. *In re Querner,* 7 F.3d at 1201 (decision to retain jurisdiction over related proceedings rests within sound discretion of bankruptcy court); *see Un-Common Carrier Corp. v. Oglesby*, 98 B.R. 751 (S.D. Miss. 1989) (dismissing adversary upon dismissal of underlying bankruptcy case where plaintiff made no effort to show prejudice, no indication that "plaintiff would be precluded by reason of running of statute of limitations or otherwise from filing the action in another forum," case had not proceeded through pretrial conference stage, plaintiff had not vigorously prosecuted case and little discovery had been

---

Community Bank because the underlying bankruptcy case had been dismissed and the Jeffersons had filed their second bankruptcy case. Furthermore, the Jeffersons are not collaterally attacking the Dismissal Order. The issue in the instant case is the effect of the Dismissal Order on Adversary II.

[12] The Jeffersons further allege that Community Bank will not suffer any prejudice if the instant Motion to Dismiss is denied. (No. 11-05059, Adv. Dkt. No. 20, at 2).

completed).  Whether to retain an adversary after dismissal of the underlying case is essentially a question of jurisdiction.  *Querner*, 7 F.3d at 1201.

When Bankruptcy I was dismissed, Community Bank moved to dismiss Adversary I citing the dismissal of the underlying bankruptcy case as the basis for its motion.  No other grounds for dismissal were stated in the motion and the Court dismissed on jurisdictional grounds.

### 2. The dismissal for lack of jurisdiction was not a judgment on the merits and thus has no res judicata effect on Adversary II.

Federal Rule of Civil Procedure 41(b)[13] provides that "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—*except one for lack of jurisdiction*, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits. (emphasis added).  Because, under Rule 41(b), a dismissal for lack of jurisdiction is not a dismissal on the merits, it has no res judicata effect. *Miller v. Nationwide Life Ins. Co.*, No. 06-31178, 2008 WL 3086783, at *5 (5th Cir. Aug. 6, 2008) (unpublished); *see Borgships, Inc. v. Ferrera*, 163 F.3d 1356, *3 (5th Cir. 1998) (discussing *Baris v. Sulpicio Lines, Inc.*, 74 F.3d 567 (5th Cir. 1996), in which the Fifth Circuit affirmed dismissal based on *forum non conveniens* doctrine as on the merits of the *f.n.c.* issue but not on the merits of the entire claim for res judicata purposes); *Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980) (dismissal for lack of jurisdiction does not adjudicate merits thus no res judicata on substance of claim asserted).  In fact, a dismissal for lack of jurisdiction renders the court powerless to make a decision on the merits. *Mann v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 488 F.2d 75, 76 (5th Cir. 1973) (per curiam).

---

[13] Federal Rule of Civil Procedure 41(b) is made applicable by Federal Rule of Bankruptcy Procedure 7041.

Additionally, while a dismissal designated "with prejudice" is generally treated as an adjudication on the merits, the Fifth Circuit has declined to adopt a stringent view "that any 'with prejudice' comment associated with a dismissal categorically triggers a res judicata bar." *Miller*, 2008 WL 3086783, at *5 ("we have never held that dismissal with prejudice is *per se* a final judgment on the merits . . . [m]oreover our sister circuits have consistently held that "with prejudice" designation does not categorically create a res judicata bar"); *see Boyd v. United States*, 423 F.2d 795, 802-03 (5th Cir. 1970) (Rives, J., dissenting) (substance of matter actually decided should control, not form (ie. words "with prejudice" in judgment); "there must have been a right adjudicated or released in first suit to make it a bar, and this fact must appear affirmatively").  In *Miller*, the underlying claim was dismissed "with prejudice" on jurisdictional grounds. *Id.*  On appeal, the Fifth Circuit held that regardless of the designation, the claim was not barred by res judicata because the dismissal for lack of jurisdiction was not a decision on the merits. *Id. (citing Nilsen v. City of Moss Point, Miss.*, 701 F.2d 556, 562 (5th Cir. 1983) (other citations omitted).[14]

---

[14] The Court is cognizant of the Fifth Circuit's holding in *Weissinger v. United States*, 423 F.2d 795, 798 (5th Cir. 1970), that a dismissal designated as "with prejudice" is on the merits despite Rule 41(b).  However, *Weissinger* is not controlling due, in part, to subsequent amendments to Rule 41(b) and the distinction that the dismissal "was made after full-blown trial and following lengthy and careful findings of fact and conclusions of law." *See Baris v. Sulpicio Lines, Inc.*, 74 F.3d 567, 573 n.5, *aff'd by an equally divided court*, 101 F.3d 367 (5th Cir. 1996) (en banc), *cert. denied*, 117 S. Ct. 1432 (1997) (*distinguishing Weissinger* as not controlling due, in part, to subsequent amendments to Rule 41(b) and the fact that dismissal "was made after full-blown trial and following lengthy and careful findings of fact and conclusions of law."). The *Baris* opinion was vacated upon rehearing; however, the result remained the same. *See Baris v. Sulpicio Lines, Inc.*, 101 F.3d 367 (5th Cir. 1996).

Because Adversary I was dismissed on jurisdictional grounds, precluding the Court from reaching the merits of the claims, the dismissal was not a final judgment on the merits and does not have res judicata effect on Adversary II.   Accordingly, the Motion to Dismiss should be denied.

### III. CONCLUSION

For the reasons stated above, Community Bank's Motion to Dismiss is **DENIED**.

**SO ORDERED.**